Frances D. LESSER; George Lesser; Barbara Skinner; Janet Skinner; Bruce Minnix; Corinne Minnix; Fred Wilson; Alice Steer Wilson; Martin Pyle; Hannah Pyle, Appellants,

v.

The CITY OF CAPE MAY, in Its Capacity as Designee of the United States Department of Housing and Urban Development; Cathy Buford Slater, as Chairperson of the Advisory Council on Historic Preservation, an Independent Agency of the United States of America; Advisory Council on Historic Preservation, an Independent Agency of the United States of America; *Bradley C. Campbell., in His Official Capacity as the New Jersey State Historic Preservation Officer; Congress Hall Partners, LLC; William G. Gaffney, as Mayor of the City of Cape May *{Substituted Pursuant to F.R.A.P. 43(c)}.

No. 00–2736.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) April 1, 2003.

Decided Oct. 17, 2003.

Philip N. Walker, Farmington, CT, for Appellants.

Michael Gross, Cooper, Perskie, April, Niedelman, Wagenheim & Levenson, Atlantic City, NJ, Susan Handler–Menahem, Office of United States Attorney, Newark,

NJ, Valerie A. Gray, Office of Attorney General of New Jersey, Trenton, NJ, Jonathan I. Epstein, Christine C. Baker, Drinker, Biddle & Shanley, Princeton, NJ, for Appellees.

Before McKEE and SMITH, Circuit Judges, and COWEN, Senior Circuit Judge.

## OPINION

McKEE, Circuit Judge.

The appellants are a group of ten residents of Cape May, New Jersey, who sued the owner of Congress Hall Hotel[1] and various municipal, county, state and federal officials challenging the proposed rehabilitation of the Hotel on the ground that certain statutory procedural requirements of the National Historic Preservation Act of 1996 ("NHPA"), 16 U.S.C. § 470 *et seq.*, and the National Environmental Policy Act of 1969 ("NEPA"), 42 U.S.C. § 4312 *et seq.*, have not been satisfied. They are appealing the district court's grant of summary judgment in favor of the defendants on each of the seven counts asserted in their amended complaint; however, their brief only address the dismissal of counts one and five of their amended complaint.[2]

Inasmuch as the district court has already set forth the factual and procedural history of this case, we need not repeat them here except insofar as may be helpful to our brief discussion. *Lesser v. City of Cape May*, 110 F.Supp.2d 303 (D.N.J. 2000). Moreover, the district court's careful analysis completely and thoroughly explains the court's reasons for denying plaintiffs any relief and granting summary judgment to the defendants. We need not

engage in a redundant analysis simply to reach the same result.

Accordingly, we will affirm the district court substantially for the reasons set forth in the district court's Opinion without further elaboration.

---

1. The Congress Hall Hotel, the largest nineteenth century beachfront hotel remaining in Cape May, New Jersey, is listed as a National Historic Landmark. *Lesser v. City of Cape May*, 110 F.Supp.2d 303, 305 (D.N.J.2000).

2. Our review of the district court's grant of summary judgment is plenary. *Huang v. BP Amoco Corp.*, 271 F.3d 560, 564 (3d Cir. 2001).